### SÁNCHEZ v. NEGRÓN.

#### APPEAL from the District Court of Arecibo.

No. 586.—Decided March 20, 1911.

EXECUTION OF JUDGMENT.—A stay of execution of judgment at the request of a person not a party to the proceeding, without the filing of a complaint and citation and hearing of the parties to the action, and without furnishing bond or alleging and showing that the petitioner has no other adequate and efficacious remedy, is contrary to law.

PARTIES—INTERVENTION.—Only the parties plaintiff and defendant may intervene in actions, according to the law and rules of the courts, and if any person not a party to the action has an interest in the subject matter thereof he may intervene in said action or proceeding, before the trial, by resorting to the procedure prescribed in section 72 of the Code of Civil Procedure.

The facts are stated in the opinion.
*Mr. Simón Largé* for appellant.

*Mr. Antonio Suliveres* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from an order to stay the execution of a judgment. In the District Court of Arecibo an action was brought by Joaquín Sánchez Chirino against Manuel Negrón y Colón to recover a mortgage credit for $3,600, principal, together with interest thereon and costs, the same being prosecuted under the ordinary procedure. The defendant was summoned, but failing to appear to answer the complaint his default was entered and judgment rendered against him. The execution of the judgment having been decreed the mortgaged property was placed under hammer, and on the very day it was to be sold Silvano Negrón y Negrón appeared before the district judge of Arecibo and filed a sworn motion, together with three public deeds, alleging that he owned— his right being recorded at the registry of property—a second mortgage for the sum of $335, principal, and $150 for costs in case of a judicial demand, which second mortgage had been constituted by the plaintiff, Sánchez, upon the mortgage credit he was seeking to recover; that he had instituted proceedings in the municipal court for the recovery of said second mortgage, and that to permit the public sale to be held would be tantamount to destroying the mortgaged property with respect to the petitioner, who, therefore, prayed that an order issue for the immediate suspension of the auction sale. This petition was granted by the judge without hearing the parties to the action by means of the following order, from which the present appeal was taken:

"In view of the foregoing petition and accompanying documents, the marshal is hereby directed to suspend the auction sale which was to be held to-day and notify the parties concerned."

The appellant alleges that section 16 (*a*) of the law referring to interventions (Laws of 1908, p. 84), section 36 of the Code of Civil Procedure and section 17 of the Revised Civil Code have been violated in this case.

A cursory examination of the proceedings shows that the court below, in deciding the petition of Silvano Negrón y Negrón, did not conform either to the letter or to the spirit of the law.

Only the parties plaintiff and defendant are permitted to intervene in the proceedings, according to the law and the rules of the court, and the formalities to be pursued by outside parties who are really interested, in order to intervene in litigations before the trial is held, are regulated by section 72 of the Code of Civil Procedure.

For special or extraordinary cases the law establishes adequate proceedings; but to stay, finally, as has been done in this case, the execution of a judgment, at the instance of a person who is no party to the action, without the filing of a complaint, and citation and hearing of the parties thereto, and without furnishing bond or alleging that the petitioner has no other adequate and efficacious remedy, is contrary to law.

Therefore, the appeal should be sustained and the order appealed from reversed, the case to be returned to the District Court of Arecibo for subsequent proceedings not inconsistent herewith.

*Reversed.*

Chief Justice Hernández and Justice Wolf concurred.

Justices MacLeary and Aldrey took no part in the decision of this case.